FILED

NOV 19 2019

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 19–43–M–DWM |
| Plaintiff, | |
| vs. | ORDER |
| ALLAN ROY GOODMAN, | |
| Defendant. | |

On October 3, 2019, Defendant Allan Roy Goodman was indicted on seven felony counts related to the possession of firearms and the possession and distribution of methamphetamine and heroin. (Doc. 14.) Trial is set for December 16, 2019, at the Russell Smith Federal Courthouse, Missoula, Montana. (Doc. 24.) Goodman has four motions pending before the Court: motion to change venue, (Doc. 25), motion for information on cooperating witnesses, (Doc. 29), motion for *Henthorn* materials, (Doc. 31), and motion for an "ends of justice" continuance, (Doc. 27). They are addressed in turn.

I. **Venue**

Goodman seeks a change of venue in light of the pretrial publicity he received at the time he changed his plea. (Doc. 25.) "Because a criminal defendant has the right to an impartial jury, a court must grant a motion to change

1

venue if prejudicial pretrial publicity makes it impossible to seat an impartial jury." *Daniels v. Woodford*, 428 F.3d 1181, 1210 (9th Cir. 2005) (internal quotation marks omitted); *c.f.* Fed. R. Crim. P. 21(a) (requiring transfer "to another district if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there"). However, "[p]rominence does not necessarily produce prejudice, and juror impartiality . . . does not require *ignorance*." *Skilling v. United States*, 561 U.S. 358, 381 (2010). Thus, a presumption of prejudice only attaches in "extreme cases." *Id.* "Prejudice is presumed when the adverse publicity is so pervasive and inflammatory that the jurors cannot be believed when they assert that they can be impartial." *United States v. Croft*, 124 F.3d 1109, 1115 (9th Cir. 1997). Goodman has not made such a showing here.

In support of his motion, Goodman presents a single story produced by NBC Montana. (*See* Doc. 26-1.) He argues that the story exaggerates the amount of drugs he was selling, contains "a litany of accusations from untrustworthy confidential informants," and misstates his previous convictions. (Doc. 26 at 3.) He further asserts that such news stories are likely to be broadcast again. (*Id.*) But, contrary to Goodman's characterization, this single article contains "[n]o evidence of the smoking-gun variety [that would] invite[] prejudgment of his culpability." *Skilling*, 561 U.S. at 383. And, the possibility of any potential bias

2

based on this article, or those like it, can be addressed in voir dire. *See Mu'Min v. Virginia*, 500 U.S. 415, 426–27 (1991) (emphasizing "the wide discretion granted to the trial court in conducting *voir dire* in the area of pretrial publicity"). Goodman's motion to change venue is therefore denied.

## II. Cooperating Witnesses

Goodman further seeks a wide range of information on cooperating witnesses in the case. (Doc. 29.) The United States' discovery obligations in criminal cases are governed by (1) the due process clauses of the Fifth and Fourteenth Amendments, as interpreted by the Supreme Court in *Brady v. Maryland*, 373 U.S. 83 (1963); (2) Rule 16 of the Federal Rules of Criminal Procedure; and (3) the Jencks Act.

### A. *Brady v. Maryland*

The due process clauses of the Fifth and Fourteenth amendments, as interpreted by the Supreme Court in *Brady* and its progeny, require the prosecution to disclose exculpatory evidence that "is material either to guilt or to punishment." 373 U.S. at 87. Evidence is material when "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985). "A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *Id.* The inquiry considers nondisclosed evidence "collectively, not item

by item." *Kyles v. Whitley*, 514 U.S. 419, 436 (1995). *Brady* applies to impeachment and other evidence relevant to the credibility of government witnesses. *Giglio v. United States*, 405 U.S. 150, 154 (1972).

The government must disclose *Brady* information even absent a discovery request by the defendant. *United States v. Agurs*, 427 U.S. 97, 108 (1976). The obligation is not excused because a prosecutor is unaware of exculpatory evidence; rather, "the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." *Kyles*, 514 U.S. at 437.

### B. Federal Rule of Criminal Procedure 16

"There is no general constitutional right to discovery in a criminal case, and *Brady* did not create one." *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). However, Rule 16 of the Federal Rules of Criminal Procedure allows defendants to request certain information.[1] Goodman only superficially cites Rule 16, but Rule 16(a)(1)(E) provides:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> (i) the item is material to preparing the defense;

---

[1] Absent a request under Rule 16.1(b), the December 1, 2019 amendments to Rule 16.1 will not impact this case.

> (ii) the government intends to use the item in its case-in-chief at trial; or
> (iii) the item was obtained from or belongs to the defendant.

Items are "within the government's possession, custody, or control" when the prosecutor has "knowledge of and access to the documents sought by the defendant." *United States v. Bryan*, 868 F.2d 1032, 1036 (9th Cir. 1989). Whether a prosecutor has "knowledge of and access to" documents is a functional analysis that depends on the facts of each case. *See id.* At a minimum, it encompasses "anything in the possession, custody or control of any federal agency participating in the same investigation of the defendant." *Id.*

A defendant seeking disclosure under Rule 16(a)(1)(E)(i) "must make a threshold showing of materiality, which requires a presentation of 'facts which would tend to show that the Government is in possession of information helpful to the defense.'" *United States v. Santiago*, 46 F.3d 885, 894 (9th Cir. 1995) (quoting *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990)). "Neither a general description of the information sought nor conclusory allegations of materiality suffice." *Id.* (internal quotation marks omitted).

### C.    Jencks Act

The Jencks Act, 18 U.S.C. § 3500, governs criminal defendants' access to the prosecution's witness statements. It excludes statements by prospective government witnesses from discovery and subjects them to disclosure only *after* the witness's direct examination at trial. 18 U.S.C. § 3500(a), (b). It applies to

5

statements "in the possession of the United States," *id.*, which has been interpreted to mean "in the possession of the prosecutor." *United States v. Polizzi*, 801 F.2d 1543, 1552 (9th Cir. 1986). Unlike *Brady* and Rule 16, then, the Jencks Act does not impose a duty on prosecutors to obtain information from other sources. *See id.*

## D. Analysis

Goodman's motion makes over 21 broad requests for information about unnamed informants. In its response, the government states that it is "well aware of its obligations under *Brady* and *Giglio*," (Doc. 34 at 3), but does not specifically address the different categories of information identified in Goodman's motion.

The majority of Goodman's requested information falls under the government's *Brady* obligations, which are self-executing and therefore do not require a court order. Even so, the Court's October 23, 2019 Scheduling Order, (Doc. 24), directs the government to produce *Brady* and *Giglio* information without regard to materiality. Thus, to the extent Goodman seeks a court order compelling the disclosure of *Brady* material, the October 23, 2019 Scheduling Order already does that. Moreover, the government has indicated that it is unaware of any *Brady* information and, as it relates to *Giglio* information, "the Government is in the process of identifying which witnesses will be called at trial." (Doc. 34 at 3.) Once identified, the government states that it "will timely provide Goodman with up-to-date criminal histories as well as information pertaining to any benefits

6

that any of the Government witnesses have received, to the extent that that information has not already been produced." (*Id.*) Thus, his requests at A, B, C, D, E, F, J, M, P, Q, R, and S are denied.

As it relates to T, Goodman has no right to probation records or presentence reports, but is entitled to the *Brady* material contained within probation files. *United States v. Alvarez*, 358 F.3d 1194, 1207–08 (9th Cir. 2004). Trial courts have discretion to review probation files *in camera* for *Brady* material. *Id.* at 1208. Accordingly, the Court will conduct *in camera* review of any testifying cooperating witness' presentence report as ordered below.

Goodman's request G seeks conflicting witness statements, which are governed by the Jencks Act. 18 U.S.C. § 3500; *see also* Fed. R. Crim. P. 16(a)(2). Under the Jencks Act, the statements do not need to be disclosed until after a witness testifies on direct examination. 18 U.S.C. § 3500(a), (b). Nonetheless, the parties should consider that earlier disclosure would promote the fairness and efficiency of these proceedings.

Goodman's remaining requests are characterized as a motion to compel under Rule 16(d)(2) and analyzed according to the disclosure requirements of Rule 16(a)(1)(E). Because the government has not identified its trial witnesses, these requests are difficult to assess. At this point, however, Goodman's "general description of the information sought" fails to meet the materiality requirements of

Rule 16. *Santiago*, 46 F.3d at 894. Thus, his requests at H, I, K, L, N, O, P, Q, R, and S are denied.

## III. *Henthorn* Materials

Goodman also seeks *Henthorn* materials. (Doc. 31.) In *United States v. Henthorn*, the Ninth Circuit held that, on the defendant's request, the government must examine the personnel files of its law enforcement witnesses and disclose information material to their credibility. 931 F.2d 29, 31 (9th Cir. 1991). The obligation arises when the defendant makes a demand for production; the defense need not make a showing of materiality. *Id.* However, *Henthorn* applies only to law enforcement officers who testify at trial. *See id.* at 31 n.2; *Santiago*, 46 F.3d at 895.

Goodman's motion triggers the United States' obligation under *Henthorn* to review the personnel files of its law enforcement witnesses. (*See* Doc. 31.) The motion does not identify any specific law enforcement officers, but states that "[a] number of law enforcement officers have been involved in the investigation of this matter." (Doc. 32 at 3.) The government has met its examination obligation, indicating that it "has not received any information that sheds a negative light on any of the potential federal witnesses," and no such information has been obtained from non-federal law enforcement officers either. (Doc. 34 at 4.) It has further indicated that it "will immediately disclose such information" if this changes. (*Id.*)

Goodman's *Henthorn* motion is therefore denied.

## IV. Continuance

Goodman moves for an "ends of justice" continuance of the December 16 trial. (Doc. 27.) The government does not object. (Doc. 33). Goodman has waived his right to a speedy trial through February 15, 2020. (Doc. 28-1.)[2]

A district court may grant a continuance and exclude the time period from the calculation of the speedy trial deadline when "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In determining whether an "ends of justice" continuance is appropriate, a district court must consider, *inter alia*, whether the failure to grant the continuance will result in a miscarriage of justice; whether the case is so unusual or complex that it is unreasonable to expect adequate preparation within the time limits imposed by the Speedy Trial Act; and whether the failure to grant the continuance in a case that is not unusual or complex would nonetheless deny counsel the reasonable time necessary for effective preparation. *Id.* § 3161(h)(7)(B). An ends of justice continuance must be specifically limited in time and must be justified on the record by the facts as of the time the continuance is granted. *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th

---

[2] Though not dispositive, it is worth noting that the waiver was not signed by the defendant.

9

Cir. 1997). The time is properly excluded only if the court makes findings pursuant to § 3161(h)(7). *Bloate v. United States*, 130 S. Ct. 1345, 1351 (2010).

Here, Goodman argues an ends of justice continuance is necessary to prevent a miscarriage of justice, *see* § 3161(h)(7)(B)(i), and to allow reasonable time necessary for effective preparation, *see* § 3161(h)(7)(B)(iv). Specifically, Goodman argues that a continuance is warranted because of the seriousness and numerosity of the charges and the number of confidential informants.

Goodman appeared, and counsel was appointed, on a criminal complaint on September 13, 2019. He was indicted on October 3, 2019. (Docs. 14, 15.) Discovery closed on October 25, 2019. (Doc. 24.) Counsel filed his motions on November 6, 2019. Those motions have now been addressed and trial is still four weeks away. Given the time remaining before trial and the limited issues raised in counsel's motions, counsel has adequate time to prepare. Goodman's motion to continue is denied.

Consistent with the above, IT IS ORDERED that Goodman's motions (Docs. 25, 27, and 31) are DENIED.

IT IS FURTHER ORDERED that Goodman's motion (Doc. 29) is GRANTED in PART and DENIED in PART. Request T is GRANTED to the limited extent that the government shall file an *ex parte* notice on or before November 26, 2019, identifying any potential trial witnesses for which there may

be a presentence report. After conducting *in camera* review, the Court will determine whether any information contained in the presentence report(s) should be disclosed to Goodman. The motion is DENIED in all other respects.

DATED this 19th day of November, 2019.

_____  13:24 P.M.
Donald W. Molloy, District Judge
United States District Court