

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> ALLAN ROY GOODMAN, <br><br> Defendant. | CR 19–43–M–DWM <br><br><br> OPINION <br> and ORDER |

Defendant Allan Roy Goodman was indicted on five drug counts, two firearm counts, and one count of obstructing justice by retaliating against an informant. (Doc. 52.) Following a jury trial, he was found guilty on all counts. (Doc. 93.) At trial, he orally moved for acquittal on the two firearm counts, Counts VI and VII, pursuant to Federal Rule of Criminal Procedure 29. Following trial, he renewed his motion as it relates to Count VII, which alleges that the defendant is a prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (*See* Doc. 52.) Both parties have briefed the issue. (*See* Docs. 96, 106, 107.) For the reasons stated below, Goodman's motion is granted.

Whether a prior conviction qualifies as a predicate felony under § 922(g)(1) is a purely legal question. *United States v. McAdory*, 935 F.3d 838, 842 (9th Cir.

2019). "An offense qualifies as a predicate felony for a conviction under § 922(g)(1) if it is 'punishable by imprisonment for a term exceeding one year.'" *Id.* (quoting 18 U.S.C. § 922(g)(1)). Goodman argues that because his right to possess firearms has been restored under Montana law, his previous Montana felonies cannot serve as a predicate offense for his conviction under § 922(g)(1). He is correct.

For the purposes of § 922(g)(1),

> What constitutes a conviction of . . . a crime [punishable by imprisonment for a term exceeding one year] shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(20). Accordingly, the Ninth Circuit has adopted a three-step process for determining whether a state conviction is invalidated for the purposes of the federal felon in possession statute:

> 1. Use state law to determine whether the defendant has a "conviction." If not, the defendant is not guilty. If so, go to step 2.
>
> 2. Determine whether the conviction was expunged, set aside, the defendant was pardoned, or the defendant's civil rights were restored. If not, the conviction stands. If so, go to step 3.
>
> 3. Determine whether the pardon, expung[e]ment, or restoration of civil rights expressly provides that the defendant may not ship, transport, possess, or receive firearms. If so, the conviction stands. If not, the defendant is not guilty.

2

*Van der Hule v. Holder*, 759 F.3d 1043, 1046 (9th Cir. 2014) (quoting *United States v. Valerio*, 441 F.3d 837, 840 (9th Cir. 2006)).

At step one, it is uncontested that Goodman has two previous felony convictions in Montana. (*See* Certified Judgments, Exs. 27, 28.) At step two, it is also uncontested that he has discharged both convictions and therefore had his civil rights restored by automatic operation of state law. *See* Mont. Const. art. II, § 28(2) ("Full rights are restored by termination of state supervision for any offense against the state."); Mont. Code Ann. § 46–18–801(2) ("Except as provided in the Montana constitution, if a person has been deprived of a civil or constitutional right by reason of conviction for an offense and the person's sentence has expired or the person has been pardoned, the person is restored to all civil rights and full citizenship, the same as if the conviction had not occurred."). Thus, the question at step three—which is also known as the "unless clause"— is whether Montana law expressly restricts Goodman's ability to have firearms because of his prior felonies. It does not.

A defendant whose rights have been restored by state law may still be prohibited from possessing a firearm if state law places any restrictions on that defendant's right to possess firearms because of his prior convictions. *Caron v. United States*, 524 U.S. 308, 310 (1998). For example, this Court previously held that Montana's prohibition on felons obtaining a permit to carry a concealed

3

weapon was a sufficient restriction to bar possession of firearms under federal law. *See Van der Hule*, 759 F.3d at 1051 (affirming). But, while that case was pending, the Montana legislature amended the statute to limit the restriction to only certain offenses, *see id.* at 1047 n.2; Mont. Code Ann. § 45–8–321(6), which does not include Goodman's prior convictions for drug possession and forgery. Nonetheless, the government argues that because Goodman is a prohibited person under a separate subsection of the federal statute, *see* 18 U.S.C. § 922(g)(8), he is ineligible for a permit to carry a concealed weapon under Montana law, *see* § 45–8–321(1)(a), and therefore a prohibited person under § 922(g)(1). Even assuming the government is correct as to Goodman's prohibited status under § 922(g)(8), the law does not support his conviction under § 922(g)(1).

Montana prohibits a person who "is ineligible under Montana or federal law to own, possess, or receive a firearm" from getting a permit to carry a concealed weapon. § 45–8–321(1)(a). Relevant here, federal law prohibits a person subject to a state domestic violence restraining order from possessing firearms. *See* 18 U.S.C. § 922(g)(8). On June 19, 2018, a Temporary Order of Protection was issued against Goodman on a petition by a prior intimate partner. (*See* Doc. 96-1.) Thus, assuming without deciding that the Temporary Order of Protection meets the statutory requirements of § 922(g)(8), Goodman could not have obtained a permit to carry a concealed weapon once that Order was issued. *See* § 45–8–321(1)(a).

4

But that restriction is completely unrelated to Goodman's previous felonies and his restoration of rights. Unlike the situation in *Van der Hule*, the government has not identified any time, place, or manner restriction placed on Goodman's possession of firearms because of his felony status. 759 F.3d at 1049. Subsequent conduct by Goodman independent of his previous felonies was required to trigger the alleged state restriction here. Put another way, any restriction on Goodman's ability to possess firearms under the Order would exist regardless of his prior felony status. As explained by the Supreme Court, "[e]ither the restorations forbade possession of 'firearms' and the convictions count for all purposes, or they did not and the convictions count not at all." *Caron*, 524 U.S. at 314. Because the restoration of Goodman's civil rights did *not* "expressly provide[] that the defendant may not ship, transport, possess, or receive firearms" as required at the third step, *Van der Hule*, 759 F.3d at 1046, the "unless clause" has not been triggered.

As a result, the parties' dispute over the application of § 922(g)(8) is beside the point. The government did not charge a violation of 18 U.S.C.§ 922(g)(8), (*see* Doc. 52), the Temporary Order was not presented to the jury, and the jury was not instructed on the elements of § 922(g)(8), (*see* Final Instr. No. 30, Doc. 99 at 35). Thus, even if Goodman is a prohibited person under subsection (g)(8), which is disputed, that charge is not at issue here.

5

Because an essential element of § 922(g)(1) cannot be established as a matter of law, IT IS ORDERED that Goodman's Rule 29 motion is GRANTED and the jury verdict as to Count VII is SET ASIDE. The judgment of acquittal on that count will be reflected in the final judgment.

DATED this 15th day of January, 2020.

Donald W. Molloy, District Judge
United States District Court