IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>ALLAN ROY GOODMAN,<br><br>Defendant/Movant. | CR 19–43–M–DWM<br><br><br>ORDER |

Defendant Allan Roy Goodman was indicted on five drug counts, two firearm counts, and one count of obstructing justice by retaliating against an informant. (Doc. 52.) Following a jury trial, he was found guilty on all counts.[1] (Doc. 93.) At sentencing, Goodman's advisory guideline range was calculated at 135 to 168 months. (SOR, Doc. 124 at 1.) He was ultimately sentenced to 135 months on Counts 1–5 and 8, followed by a 60-month consecutive term on Count 6, for a total of 195 months' custody with ten years of supervision to follow. (*See* Judg., Doc. 123.) Following an unsuccessful direct appeal, (*see* Docs. 133, 134), he filed a timely motion for relief under 28 U.S.C. § 2255, alleging ineffective

---

[1] His conviction on Count 7, prohibited person in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), was subsequently set aside pursuant to a motion under Federal Rule of Criminal Procedure 29. (Doc. 108.)

1

assistance of trial counsel.  (*See* Doc. 141.)  That motion was screened under 28 U.S.C. § 2255(b), and the Court determined further information was needed regarding Goodman's allegation that counsel advised him to reject a favorable plea offer from the United States.  (*See* Doc. 143.)  Because the record contained no evidence regarding plea negotiations, both defense counsel and the government were required to provide their plea-related correspondence to the Court.  (*See id.*)  Defense counsel responded on December 27, 2022, (*see* Doc. 144), and the government responded on January 11, 2023, (*see* Doc. 145).  Goodman did not respond to those filings despite being given an opportunity to do so.  (*See* Doc. 143 at 7.)

To prevail on his ineffective assistance claim, Goodman must show that his attorney's advice during the plea-bargaining process "fell below an objective standard of reasonableness" and that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 689 (1984).  Goodman alleges that his trial counsel, Timothy Bechtold, was "confident" that Goodman could win at trial and advised him to reject the government's plea offer that would have resulted in a total sentence of approximately ten years (60 months on the drug charges and 60 months consecutive on the gun charge).  (Doc. 141 at 5–6.)  Goodman further alleges that Bechtold told him that even if he lost at trial, he would "only receive ten [years] at

2

the most." (*Id.* at 6.) While the government's supplemental filing confirms the nature of the plea deal that was offered to Goodman, (*see* Doc. 145), Bechtold's advice regarding how Goodman should proceed could not have been more different. Bechtold's contemporaneous written correspondence with Goodman explicitly states the terms of the government's plea offer and explains that Goodman would be likely to be found guilty at trial. (*See* Doc. 144-1, 144-2.) It further explains that in the event he was found guilty, he was unlikely to succeed in challenging his convictions on appeal. (*See id.*) Because the plea offer was conveyed to Goodman and he was informed of the risks of proceeding to trial, Goodman fails to show that trial counsel was ineffective. *See Missouri v. Frye*, 566 U.S. 134, 145 (2012) ("[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused.").

Because Goodman has not made a substantial showing that he was deprived of a constitutional right, a certificate of appealability is not warranted. *See* 28 U.S.C. § 2253(c)(2).

Accordingly, IT IS ORDERED that:

1. Goodman's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. 141) is DENIED.

2. A certificate of appealability is DENIED. The clerk shall immediately

3

process the appeal if Goodman files a Notice of Appeal.

3. The clerk shall ensure that all pending motions in this case and in CV 22–138–M–DWM are terminated and shall close the civil file by entering judgment in favor of the United States and against Goodman.

DATED this 10th day of March, 2023.

_____
Donald W. Molloy, District Judge
United States District Court